UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                                              Case No.  5:04-cv-442-Oc-10GRJ

ROSE CHARBONEAU,

        Defendant.
_____

## **O R D E R**

This is an action by the United States to reduce its tax assessments against Defendant to judgment and to eject the Defendant from certain real property previously seized and sold to the United States in partial satisfaction of the Defendant's tax liabilities. Before the Court are the pro se Defendant's fourth and fifth motions to dismiss the United States' Amended Complaint (Docs. 32 & 35) and the Defendant's motion for reconsideration (Doc. 34). Also before the Court is the Government's motion to strike (Doc. 40) the Plaintiff's "Notice of Nonacceptance of 'United States Opposition to Defendant's Fourth Motion to Dismiss' for fraud, error and erroneous presumptions" (Doc. 36).

The Defendant's fourth motion to dismiss (Doc. 32) is DENIED because the United States is the proper party to initiate this action. The Defendant's fifth motion to dismiss (Doc. 35) is DENIED because Florida's homestead exemption does not protect the Defendant against a federal tax lien.[1] The motion for reconsideration (Doc. 34) is DENIED. The United States' motion to strike the Defendant's pleading (Doc. 40) as an unauthorized reply is terminated as moot.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 31st day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Pro se party

---

[1] See United States v. Rodgers, 461 U.S. 677 (1983) (holding that federal tax collection laws supersede state homestead laws); FLA. CONST. ART. X, § 4(a) (exception from forced sale for "the payment of taxes and assessments"). See also United States v. Estes, 450 F.2d 62, 65 (5th Cir. 1971) ("Even though the homestead might be exempted under state law from the claims of private creditors, no provision of state law may exempt property or rights to property from levy for the collection of federal taxes owed.") (internal quotations omitted); United States v. Stalker, No. 5:99-CV-15-Oc-10C, 2000 WL 1175715 * 2 (M.D. Fla. June 6, 2000) ("It has long been established that Florida's Homestead exemption does not erect a barrier around a taxpayer's home sturdy enough to keep out the Commissioner of the Internal Revenue Service.'") (Hodges, J.) (quoting Estes); Freedman v. United States, No. 02-21060-CIV, 2003 WL 1735444 * 3 (S.D. Fla. Feb. 24, 2003) ("The Florida homestead exemption does not protect Plaintiff from the federal tax lien.").